IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20434
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TIMOTHY JOHN HAMILTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-534-1
--------------------
January 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Timothy John Hamilton appeals his conviction for possession
of a machinegun in violation of 18 U.S.C. § 922(o)(1).  Hamilton
argues that the evidence adduced at trial was insufficient to
support his conviction for the following reasons:  (1) his AR15
and UZI firearms did not qualify as machineguns; and (2) he did
not have possession of the firearms and the conversion kit on the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

date of the offense alleged in the indictment, because Hamilton was in jail and his wife had drilled open his gun safe.

The term "machinegun" encompasses not only weapons which shoot automatically, but also weapons that can be restored to shoot automatically, as well as conversion kits and any combination of parts from which a machinegun can be assembled. See 26 U.S.C. § 5845(b); see also 18 U.S.C. § 921(a)(23). The Government proffered sufficient evidence so that a rational jury could find beyond a reasonable doubt that Hamilton had possession of the contraband on a date reasonably near the date of the offense set forth in the indictment. See United States v. Grapp, 653 F.2d 189, 195 (5th Cir. 1981).

AFFIRMED.